IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY LEVISON<br>45 Ocean Ave, Unit 5E<br>Monmouth Beach, NJ 07750<br><br>    Plaintiff,<br><br>    v.<br><br>CVS HEALTH<br>One CVS Drive, MC 1113<br>Woonsocket, RI 02865<br><br>    Defendant. | CIVIL ACTION COMPLAINT<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Gregory Levison ("Plaintiff"), by and through undersigned counsel, hereby avers as follows against CVS Health ("Defendant" or "CVS"):

**INTRODUCTION**

1. This action arises out of Defendant's violations of the New York Whistleblower Law, New York Labor Law § 740. Defendant fired Plaintiff in retaliation for complaining of health and safety violations, and violations of pharmacy regulations, in violation of the New York Whistleblower Law, New York Labor Law § 740 ("NYLL").

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

1

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of a state other than the state which Defendant is a citizen of, and the amount in controversy exceeds $75,000.

## PARTIES

5. Plaintiff is an adult individual with an address as set forth in the caption.

6. Defendant is a consumer retail corporation that is headquartered in Rhode Island at the address set forth in the caption and does extensive business and employs employees in the State of New York.

7. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

8. The foregoing paragraphs are incorporated herein as if set forth in full.

9. Defendant hired Plaintiff as a pharmacist in or around February 2008.

10. In or around September 2015, Plaintiff transferred to Defendant's Store #3096 in Bronx, New York.

11. Thereafter, Plaintiff began reporting to Defendant's Pharmacy Manager Kathleen Nicoletti ("Manager Nicoletti").

12. From 2016 to 2018, Plaintiff reported numerous violations of Defendant's policies and New York state health, safety, and pharmacy regulations.

13. By way of example only:

   a. In 2016, Plaintiff reported to Defendant that he discovered evidence of potential diversion of controlled substances by staff members;

   b. In or around November 2017, Plaintiff reported to Defendant that staff members were administering flu vaccinations to customers outside of private designated areas, violating patient privacy;

2

    c. In or around November 2017, Plaintiff reported to Defendant that Pharmacy staff members were unsafely administering vaccinations to customers without requiring them to sit, risking injury to customers who may faint;

    d. In or around January 2018, Plaintiff complained that Defendant had removed the compliant vaccination station Plaintiff had set up;

    e. In or around January 2018, Plaintiff complained to Defendant that Defendant's Store Manager left deliveries of controlled substances unattended in the parking lot of Defendant's store;

    f. In or around October 2018, Plaintiff complained to Defendant that the Store Manager improperly went within the controlled pharmacy area without authorization or supervision, and refused to leave when confronted by Plaintiff, and Plaintiff told the manager his presence was in violation of Defendant's policies and New York law;

14. Despite Plaintiff's numerous complaints of violations of Defendant's policies, and New York state health, safety, and pharmacy regulations, Defendant did not take remedial and/or disciplinary action.

15. Instead, Defendant's staff and supervisors, whom Mr. Levison had complained about, began to falsely accuse Mr. Levison of violations and other misconduct in retaliation for his protected complaints.

16. Defendant issued a number of disciplinary notices against Mr. Levison during this time period, such that as of December 2018, he was on his final written warning.

17. The discipline issued to Mr. Levison was in retaliation for his complaints of unsafe and unlawful actions taken by Defendant's staff.

18. In or around November/December 2018, Defendant told Plaintiff that a staff member had accused Plaintiff of making threats in the workplace.

19. On or around December 11, 2018, Plaintiff explained to Defendant's investigator that he had never made any threats of any kind, and certainly not threats of the nature allegedly

3

disclosed by the staff member to Defendant. Plaintiff also explained that he had recently been forced to complain about the store manager and staff members. Plaintiff stated that he had made complaints that these individuals were violating New York law with respect to access to controlled substances. Additionally, Plaintiff stated that the complaining staff member had significant and severe attendance problems, which undermined her credibility.

20. Defendant disregarded Plaintiff's explanation, and instead terminated Plaintiff on December 17, 2018.

21. Defendant's reason for terminating Plaintiff was pretextual. The true reason for Plaintiff's termination was retaliation for his protected complaints regarding unlawful and dangerous actions taken by his co-workers in the pharmacy, including but not limited to their access to controlled substances.

22. Moreover, to the extent that Defendant terminated Plaintiff as the final step in a progressive discipline where the previous steps of progressive discipline had been imposed in retaliation for his protected complaints regarding unlawful and dangerous behavior by Defendant's staff, Plaintiff's protected complaints were the cause of his termination.

23. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
## Violations of the New York Labor Law § 740
## Retaliation/ Wrongful Termination

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. Plaintiff engaged in protected activity when he reported the violations described above.

26. The violations Plaintiff complained of constituted a substantial and specific danger to public health and safety, due to the risk of the diversion of controlled substances and the risks attendant to inappropriate administration of vaccinations as well as patient privacy concerns.

27. Defendant's stated reasons for terminating Plaintiff were a pretext for retaliation for Plaintiff's engaging in the protected activity.

28. Defendant's actions of terminating Plaintiff because Plaintiff had engaged in the protected activities described above constitute violations of the NYLL.

29. As a direct consequence of Defendant's unlawful actions as described above, Plaintiff has and continues to suffer emotional distress, pain and suffering, humiliation, and lost income.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees or prospective employees when they have made a complaint protected by the New York Whistleblower Law;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, pain and suffering damages, bonuses, medical and other benefits, training, promotions, pension, and seniority;

C. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable law; and

E. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**MEREDITH MALATINO**

/s
Carly Skarbnik Meredith
411 Hackensack Avenue, Suite 407
Hackensack, NJ 07601
(201) 518-1914
cmeredith@meredithmalatinolaw.com


**SWARTZ SWIDLER, LLC**

/s
Joshua S. Boyette, Esq.
(*motion for admission pro hac vice to be filed)*
1101 Kings Hwy N Ste 402
Cherry Hill, NJ 08034
(856) 685-7420 Phone
(856) 685-7417 Fax
jboyette@swartz-legal.com