UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY LEVISON,<br><br>                 Plaintiff,<br><br>-against-<br><br>CVS RX SERVICES, INC.,<br><br>                 Defendant. | Case No. 1:19-cv-11390-CM<br> |

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

The parties, by and through their undersigned counsel, stipulate and agree as follows:

**A.  Designation and Use of Confidential Material.**

1.  The following material is considered "Confidential Information": (i) financial information concerning Plaintiff and Defendant; (ii) internal information concerning Defendant's present or former parents, subsidiaries, affiliated companies, and/or employees, including but not limited to confidential personnel, compensation, benefit and medical information concerning Defendant's employees and/or former employees; (iii) information concerning Defendant's internal policies, practices, or procedures; (iv) Plaintiff's or any other individual's medical and mental health records; (v) Plaintiff's job and payroll history; and (vi) relevant information concerning CVS's pharmacy patients. The parties agree that Confidential Information produced, disclosed, or used in this action shall be treated as confidential and shall be utilized solely in connection with the above-captioned action by the parties, and by:

    (a)    The Court and its personnel;

    (b)    The parties and their attorneys of record, other attorneys acting "of counsel" for the parties in this action provided said attorneys are shown a copy of this Stipulated Order and agree to be bound by same, and persons employed in said attorneys' offices who are shown a copy of this Order and agree to be bound by

same; and

(c) Other persons retained in this action to assist in the prosecution or defense of this action, including experts and persons employed and affiliated with such experts, provided that said persons are shown a copy of this Stipulated Order and agree to be bound by it;

(d) Any deponents and witnesses while testifying through a deposition, during a hearing or trial in this matter;

(e) Any other witnesses, if that witness (a) is shown a copy of this Order and agrees to be bound by it; (b) is not provided documents electronically, but is only shown the documents; (c) is not permitted to keep possession of any copies of said documents; and (d) is not permitted to discuss the contents of any documents with anyone outside the course of this litigation; and

(f) Any person who authored or received a copy of the document outside of this litigation.

2. Either party shall have the right to designate documents as Confidential Information by stamping such documents as "Confidential." If the non-designating party objects to the designating party's designation of particular material or documents as "Confidential," the non-designating party shall so advise the designating party. If an objection is made, the parties shall discuss the matter in a good faith effort to resolve the issue prior to involving the Court. If the parties cannot agree on a resolution of the objection, the non-designating party may file an application with the Court to resolve the issue.

3. Nothing in this Order constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case, and nothing in this Order shall be construed to prohibit or limit the parties' attorneys from seeking to mark or introduce Confidential Information at any deposition taken in, or at the trial of, this action.

4. Within thirty (30) days after the conclusion of this action, by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing Protected Health Information (PHI) within the meaning of HIPAA, and all copies thereof which

2

are in the possession, custody or control of the parties or their attorneys shall be destroyed or returned to the attorneys for the party that produced such material. As to all other documents designated as Confidential Information, but not containing PHI, the designating party may send a request to the receiving party to demand that such documents be returned or destroyed; and the receiving party shall so return or destroy such documents within 30 days.

5. All Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 1(a)-(f), unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

6. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Order.

7. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of the Court, or by the written stipulation of the parties filed with the Court.

### B. Non-Waiver of Attorney-Client Privilege and Work Product Protection

8. The following provisions shall apply to the production of documents, things or other information by any party or third-party. The person, party or third-party producing the information shall be referred to herein as the "Producing Party," and the person or party receiving the information shall be deemed the "Receiving Party."

9. If a Producing Party inadvertently produces documents, things or information that are otherwise protected by the attorney-client privilege or work-product doctrine ("Protected Information"), and such disclosure is thereafter discovered by the Producing Party and brought to the attention of the Receiving Party, or the Receiving Party has reason to believe that the document, thing or information is Protected Information, the Receiving Party's treatment of such material shall be in accordance with the following provisions.

10. The inadvertent or mistaken disclosure of such Protected Information shall not by itself constitute a waiver by the Producing Party of any claims of attorney-client privilege or work-product protection. The parties agree to adhere to Rules 502(d) and (e) of the Federal Rules of Evidence with respect to the inadvertent or mistaken disclosure of such Protected Information.

11. The parties agree that the failure of a Producing Party to engage in either a pre-production review or a post-production review to determine whether it has produced any Protected Information shall not by itself be deemed a failure to take reasonable steps to prevent disclosure pursuant to Fed. R. Evid. 502.

12. If a Receiving Party discovers through any means that a Producing Party has produced Protected Information, then:

(a) where the Producing Party first discovers that it has produced Protected Information, the Producing Party shall promptly provide written notice to the Receiving Party, which notice shall include a statement of the basis for the Producing Party's contention that the information is privileged or protected; and

(b) where the Receiving Party first discovers information that, in good faith, the Receiving Party believes or should have believed the Producing Party may deem to be Protected Information, the Receiving Party shall promptly provide written notice to the Producing Party advising that the Producing Party may have produced Protected Information, which notice must expressly state that it is being given pursuant to this Order to be valid; and within thirty (30) days thereafter, the Producing Party shall provide written notice to the Receiving Party consistent in substance with the requirements of subparagraph (a) immediately above.

13. Upon receiving written notice in accordance herewith, the Receiving Party shall promptly return or destroy the subject Protected Information and any copies that it has except and only insofar as may be necessary to enable the Receiving Party to present an application to the Court for a ruling concerning the claimed privilege. If the Receiving Party disclosed the subject Protected Information to any third party before receiving the requisite written notice from the Producing Party, the Receiving Party must (i) take reasonable steps to retrieve any such Protected Information, and (ii) immediately advise the Producing Party of any instances in which the Receiving Party is unable to retrieve such Protected Information so that the Producing Party may take whatever steps it deems necessary to protect and/or retrieve its Protected Information.

14. Within thirty (30) days of delivery of the written notice as describe in Paragraph 11, the Receiving Party may make an application to the Court for a ruling concerning whether the subject Protected Information is protected from disclosure by the attorney-client privilege and/or work product doctrine. Consistent with the provisions herein, any application contesting whether such Protected Information is protected from disclosure by the attorney-client privilege

and/or the work product doctrine shall *not* be based on either (i) whether the disclosure of such information was inadvertent or reckless, or (ii) the degree of care taken by the Producing Party to protect against or rectify the disclosure of such information.

15. The Receiving Party shall not otherwise use or disclose any such Protected Information unless and until the Producing Party agrees or it is adjudicated that such Protected Information is not protected by the attorney-client privilege and/or work product protection. If the Court rules that the subject Protected Information is protected from disclosure, the Receiving Party shall promptly return or destroy all copies of the Protected Information.

16. Absent a timely application by the Receiving Party contesting whether Protected Information is privileged and/or protected, the Protected Information shall be treated as privileged and/or protected, as the case may be, as if it had never been produced. The Producing Party must preserve the Protected Information until all disputes regarding the discoverability of the information have been resolved.

**The parties through their undersigned counsel agree to the form and content of this Order.**

| | |
|---|---|
| */s Joshua S. Boyette* | */s Marcy A. Gilroy* |
| Joshua S. Boyette, Esq. (admitted *pro hac vice*) | Marcy A. Gilroy, Esq. |
| **SWARTZ &SWIDLER, LLC** | **LITTLER MENDELSON, P.C.** |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 1101 Kings Highway N., Suite 402 | One Newark Center, 8th Floor |
| Cherry Hill, New Jersey 08034 | Newark, New Jersey 07102 |
| Telephone: (856) 685-7420 | Telephone: (973) 848-4734 |
| Email: jboyette@swartz-legal.com | Facsimile: (973) 556-1691 |
| | Email: mgilroy@littler.com |
| | ~ and ~ |
| | 900 Third Avenue |
| | New York, New York 10022 |

6

SO ORDERED:

_____
CHIEF JUDGE COLLEEN MCMAHON

12-3-2020

**ADDENDUM**

**THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER**

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly

7

confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.